IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID and KIMBERLY SMITH, h/w : | |
| Plaintiffs, : | CIVIL ACTION 3:03 CV 0143 (AWT) |
| v. : | |
| : | JUDGE A.W. THOMPSON |
| PAUL DAVID WOOSLEY, : | |
| : | October 22, 2003 |
| Defendant. : | |

## MOTION TO VACATE PORTION OF PERMANENT INJUNCTION ORDER REGARDING ADOPTION DECREE PURSUANT TO FED. R. CIV. P. 60(b)(4)

AND NOW COMES Defendant, Paul David Woosley, who under Rule 60(b)(4) of the Federal Rules of Civil Procedure, files this Motion to Vacate a Portion of the Permanent Injunction Order Regarding an Adoption Decree.

### PROCEDURAL BACKGROUND

1.  On February 28, 2003, this Honorable Court entered its Permanent Injunction Order (Doc. #16).

2.  On March 14, 2003, Defendant Woosley filed a timely Motion to Amend Permanent Injunction Order (Doc. #18), which was denied by Order dated September 29, 2003 and docketed on September 30, 2003 (ref. Doc #18).

1

## SUMMARY OF THE ARGUMENT

3.  The Permanent Injunction Order restrains and enjoins Defendant from litigating the question of "whether the adoption decree . . . should be set aside".

4.  Federal courts do not have authority to issue or uphold child custody decrees, which includes decrees of adoption; therefore, the portion of the Permanent Injunction Order, as referenced above, must be vacated.

## ARGUMENT AND AUTHORITIES

5.  Federal courts are expressly prohibited from entering judgments involving the issuance of child custody decrees, and other matrimonial decrees, per the domestic relations exception as articulated in *Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992).

6.  Quoting *Ankenbrandt*, in *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 190 (1997), the Supreme Court "reaffirmed the absence of statutory jurisdiction for federal court adjudication of original civil actions for divorce, alimony, and child custody. *Id.*, at 703. The Court explained that its conclusion was also

> 'supported by sound policy considerations. . . . [S]tate courts are more eminently suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling [the] issues [involved].' *Id.*, at 703-704."

7. Accordingly, it is apparently unprecedented for any inferior federal court to enjoin litigants from challenging custody determinations in state courts, given that federal courts have no such judgments to protect.

8. A valid adoption decree would normally only be set aside for cause by the state court that issued it. An invalid decree, as with any void judgment, is already a legal nullity so there is no requirement to have it set aside.

9. *Thompson v. Thompson*, 484 U.S. 174 (1988), confirms that the federal PKPA, 28 U.S.C. § 1738A, is directed to the states, not federal courts, to decide whether sister states' custody/visitation decrees are to be accorded full faith and credit.

## CONCLUSION

10. For the foregoing reasons, Defendant Woosley respectfully requests that this Honorable Court vacate the portion of its Permanent Injunction Order enjoining him from litigating, in state court, the issue of whether an adoption decree should be set aside.

Respectfully submitted,

*Paul David Woosley*

Paul David Woosley, Defendant *pro se*
One Rohr Drive
Doylestown, PA 18901-4439
(215) 348-7113  215-348-2469 (Fax)
267-980-6405 (Mobile)

Dated: October 22, 2003

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing MOTION TO VACATE PORTION OF PERMANENT INJUNCTION ORDER REGARDING ADOPTION DECREE was served upon Plaintiffs' counsel of record this 22nd day of October, 2003, by first-class Priority Mail, Delivery Confirmation No. 0300 1290 0006 5309 3263, as follows:

> Patrick F. Lennon, Esquire
> TISDALE & LENNON, LLC
> 10 Spruce Street
> Southport, CT 06490
>
> By: _/s/ Karen Woosley_
>     Karen Woosley