$/65 pd.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID and KIMBERLY SMITH, h/w : | |
| Plaintiffs, : | CIVIL ACTION 3:03 CV 0143 (AWT) |
| v. : | |
| : | JUDGE A.W. THOMPSON |
| PAUL DAVID WOOSLEY, : | |
| : | October 28, 2003 |
| Defendant. : | |

## NOTICE OF APPEAL

Notice is hereby given that Paul David Woosley, Defendant in the above-named case, hereby appeals to the United States Court of Appeals for the Second Circuit the Permanent Injunction Order of Alvin W. Thompson, District Judge, dated February 28, 2003; Defendant's Motion to Amend Permanent Injunction Order (Doc. #18) denied September 29th, 2003.

Respectfully submitted,

*Paul David Woosley*
Paul David Woosley, Defendant *pro se*
One Rohr Drive
Doylestown, PA 18901-4439
(215) 348-7113  215-348-2469 (Fax)

Dated: October 28, 2003

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing NOTICE OF APPEAL was served upon Plaintiffs' counsel of record this 28th day of October, 2003, by first-class mail, as follows:

>Patrick F. Lennon, Esquire
>TISDALE & LENNON, LLC
>10 Spruce Street
>Southport, CT  06490
>
>By: *Karen Woosley*
>     Karen Woosley

UNITED STATES DISTRICT COURT **FILED**
DISTRICT OF CONNECTICUT

2003 FEB 28 A 8: 27

US DISTRICT COURT
HARTFORD CT

----------------------------------x
DAVID SMITH and                   :
KIMBERLY SMITH                    :
                                  :
v.                                :   CIV. NO. 3:03CV00143(AWT)
                                  :
PAUL DAVID WOOSLEY                :
                                  :
----------------------------------x

## PERMANENT INJUNCTION ORDER

The request of plaintiffs David Smith and Kimberly Smith for relief in the form of a permanent injunction order pursuant to the relitigation exception of the Anti-Injunction Act, 28 U.S.C. § 2283, is being granted after consideration by the court of the plaintiffs' Complaint and Application for Injunctive Relief, the parties' respective memoranda of law and supporting documentation on the issue, and the parties' arguments at the hearing on February 26, 2003.

The Anti-Injunction Act provides that:

> A court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283. The parameters of the relitigation exception were analyzed in <u>Staffer v. Bouchard Transportation Co.</u>, 878 F.2d 638 (2d Cir. 1989). After noting that "[r]es judicata can also operate to bar claims that were not

originally asserted", id. at 643, the court explained:

> [T]he part of the relitigation exception to the Anti-Injunction Act that is based on concerns of res judicata is more narrowly tailored than the doctrine of res judicata. The relitigation exception does not protect the full res judicata effect of a federal court's judgment; rather, it protects only matters that actually have been decided by a federal court....Undoubtedly, res judicata can bar claims that might and should have been raised but were not, ...but, for Anti-Injunction Act purposes, only "relitigation" can be enjoined. Here, the proper forum for a complete investigation of the res judicata effects of the district court's judgment is the state court, "which [is] presumed competent to resolve" such matters....
>
> The district court, however, had the discretionary authority to enjoin the state court proceedings for jeopardizing the collateral estoppel effect of its judgment. Generally, collateral estoppel, or issue preclusion, bars relitigation of issues that actually and fairly have been decided in a prior action.

Id. at 643-644 (citations omitted). Here, the injunction sought is necessary and appropriate to protect the collateral estoppel effect of the judgment of the United States District Court for the Western District of Pennsylvania in Woosley v. Smith, et al., No. 96-2368 (W.D. Pa., Sept. 23, 1998)(adopting report and recommendation of Caiazza, Mag. J., dated Aug. 20, 1998), aff'd, 191 F.3d 446 (3d Cir. 1999)(unpublished table decision)(hereinafter "Woosley v. Smith").

Dismissal of an action on the basis that it is time-barred is an adjudication on the merits unless it is specifically stated to be without prejudice. PRC Harris, Inc.

2

v. The Boeing Co., 700 F.2d 894, 896 (2d Cir. 1983). The dismissal in Woosley v. Smith was not stated to be without prejudice. Thus, defendant Woosley's argument that the relitigation exception does not apply here because the court in Woosley v. Smith rendered its decision only on the basis of the statute of limitations and, therefore, did not reach the merits of his claim for a declaration that his parental rights had not been terminated by the Texas courts and the adoption decree should be set aside, is unavailing.

"[I]t is clear that, where collateral estoppel applies, the relitigation exception will also apply." MLE Realty Associates v. Handler, et al., 192 F.3d 259, 262 (2d Cir. 1999).

> Collateral estoppel bars a party from raising a specific factual or legal issue in a second action when the party had a full and fair opportunity to litigate the issue in a prior proceeding.

Transaero, Inc. v. La Fuerza Aerea Boliviana, 162 F.3d 724, 731 (2d Cir. 1998). Here there was a decision on the merits by the district court in the Western District of Pennsylvania on the issues raised by Woosley as to whether his parental rights were terminated in violation of his due process rights and the adoption decree should be set aside. Woosley had a full and fair opportunity to litigate the issue in the Western District of Pennsylvania. See Canady, et al. v. Allstate Insurance Co., et al., 282 F.3d 1005, 1015 (8th Cir.

3

2002)("[T]he relititgation exception may apply even if the merits of the case were never reached, provided that a critical issue concerning the case has been adjudicated properly.") Woosley lost on the basis that his action was time-barred, and then appealed to the Third Circuit, without success. Woosley seeks to relitigate in the Connecticut Superior Court the same legal issues, apparently among others.[1] The scope of the relief sought, and of this order, is limited to the issues Woosley seeks to relitigate.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

> Paul David Woosley, his agents, servants and attorneys, and all persons in active concert or participation with them who receive actual notice of this order, are hereby restrained and enjoined from litigating, including in the action pending in the Connecticut Superior Court, Judicial District of Fairfield at Bridgeport, docket no., FA 02-0392653(S), wherein Woosley is seeking an order of visitation with the minor son of David and Kimberly Smith, the questions of whether his parental rights were terminated by the decree of the 225th District

---

[1] Woosley is represented by counsel in the case in Connecticut Superior Court, but he has appeared pro se in this case. The court notes that his papers and his presentation at the hearing show that he is a knowledgeable and skilled advocate. However, when the court inquired as to specifically what claims he was making in the case in Connecticut Superior Court, Woosley's responses were disingenuous.

4

Court of Bexar County, Texas dated July 15, 1992 in violation of his due process rights and whether the adoption decree of the 225th District Court of Bexar County, Texas dated March 1, 1993, should be set aside.

It is so ordered.

Dated this 28th day of February, 2003, at Hartford, Connecticut.

                                                      /s/ Alvin W. Thompson
                                                    Alvin W. Thompson
                                             United States District Judge