UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------X
DAVID SMITH and
KIMBERLY SMITH,                          :

        Plaintiffs,              :        3: 03 CV 0143 (AWT)

- against -                              :

PAUL DAVID WOOSLEY,                      :

        Defendant.               :
                                    November 26, 2003
------------------------------------------X

FILED
2003 DEC -2  A 11: 49
US DISTRICT COURT
HARTFORD CT

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE PERMANENT INJUNCTION ORDER

ORAL ARGUMENT REQUESTED/
TESTIMONY NOT REQUIRED

## PRELIMINARY STATEMENT

Plaintiffs David Smith and Kimberly Smith ("The Smiths" or "Plaintiffs"), by and through their undersigned attorneys, Tisdale & Lennon, LLC, respectfully submit this Memorandum of Law in Opposition to Defendant Paul David Woosley's ("Woosley" or "Defendant") Motion to Vacate Portion of Permanent Injunction Order Regarding Adoption Decree Pursuant to Fed. R. Civ. P. 60(b)(4). The present motion represents the latest in a long history of Mr. Woosley's disrespect for court orders adverse to his perceived interests. Undeterred by the Court's denial of his Motion to Amend the February 28, 2003 Permanent Injunction Order, Mr. Woosley now simply dresses up the failed Motion to Amend as a Motion to Vacate. It is patent, however, that the only thing "new" about the present motion is its name. The Court's wisdom in issuing the Permanent Injunction, and the need for it, are verified by the very fact that Mr. Woosley has filed this motion again attacking in rote fashion for a second time the Permanent Injunction Order. His every action in prolonging the debate on issues that have already been decided multiple times convincingly demonstrates that he still has not learned the meaning of the words no, enough, stop, end, finished, etc. It is an injustice in the extreme that no matter the forum, and no matter the issue, Plaintiffs are put to the time and expense of responding to Mr. Woosley's absurd, insane and frivolous litigation tactics and abuse of them and the legal system.

## STATEMENT OF FACTS

The relevant facts are presumably well known, and shall only be briefly summarized here. On January 22, 2003, Plaintiffs filed the instant action against Woosley alleging vexatious litigation pursuant to C.G.S. § 52-568 and intentional infliction of emotional distress and seeking a permanent injunction to enjoin him from relitigating issues and claims already

decided by the Pennsylvania federal court judgment. After full briefing and oral argument on the application for the permanent injunction, on February 28, 2003, the Court issued a permanent injunction enjoining Woosley from relitigating issues that were previously considered and decided in his Pennsylvania action against the Smiths. On March 13, 2003, Woosley then filed a Motion to Amend Permanent Injunction Order. On September 29, 2003 the Court summarily denied the motion to amend the permanent injunction order "for the reasons set forth by the plaintiffs in their memorandum in opposition." Woosley thereafter filed this motion and a timely notice of appeal of the permanent injunction order itself and of the September 29, 2003 denial of his motion to amend.

Woosley now files the instant motion seeking to "vacate the portion of [this Court's] Permanent Injunction Order enjoining him from litigating, in state court, the issue of whether an adoption decree should be set aside." (Motion to Vacate ¶ 10). In support, Woosley again claims that "it is apparently unprecedented for any inferior federal court to enjoin litigants from challenging custody determinations in state courts, given that federal courts have not such judgments to protect." (Motion to Vacate ¶ 7).

## ARGUMENT

### WOOSLEY'S PRESENT MOTION IS A THINLY VEILED ATTEMPT TO EXACT FURTHER FINANCIAL AND EMOTIONAL DAMAGE ON PLAINTIFFS BY REARGUING FOR THE SECOND TIME THE PLAINTIFFS' APPLICATION FOR PERMANENT INJUNCTION ORDER

There is a common thread that can be found in Woosley's three separate memorandums attacking the basis for the issuance of the permanent injunction. Specifically, in all three of his submissions, he has wrongly contended that "[s]ince federal courts are expressly prohibited from entering judgments involving the issuance of child custody decrees, it is questionable whether

federal courts can enjoin litigants from challenging custody determinations in state courts, given that federal courts have no such judgments to protect." (Motion to Amend ¶ 12). For the reasons stated in Plaintiffs' two prior memorandums, Woosley is wrong, and his daft repetition of the argument changes nothing.

As cited in Plaintiffs' opposition memorandum to Woosley's Motion to Amend, Plaintiffs' again rely on Hock v. Thipedeau, 2003 U.S. Dist. LEXIS 2398 (D. Conn. 2003), where Judge Goettel stated that the standard of review for granting a motion for reconsideration "is a strict one." Id. at *2 (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). A motion for reconsideration

> generally will be denied unless the moving party can point to controlling decisions or data that the court overlooked matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. Thus, the function of a motion for reconsideration is to present the court with an opportunity to correct manifest errors of law or fact or to consider newly discovered evidence.

Hock, 2003 U.S. Dist LEXIS 2398 at *2 (quoting Channer v. Brooks, 2001 U.S. Dist. LEXIS 15307 *1 (D. Conn. Sept. 10, 2001)). See also, Beatty v. United States, 2001 U.S. Dist. LEXIS 6895, *1-2 (S.D.N.Y. 2001) ("A motion for reconsideration should be granted only where the moving party demonstrates that the Court has overlooked factual matters or controlling decisions that were presented to it on the underlying motion."). Thus, restating arguments made on the underlying motion or making new arguments not previously presented to the Court are insufficient bases for granting a Motion for Reconsideration. Stated another way, a motion for reconsideration cannot be used to reargue those issues already considered when a party does not like the way the original motion was resolved.

Woosley's contempt for this Court and the Permanent Injunction Order, and the fact that he has chosen to proceed *pro se* in this case do not give him license to abuse the Smiths or our system of jurisprudence. His present motion is the same ugly pig as his prior Motion to Amend the Injunction Order. The only difference between the two is the clothing in which he has dressed the pig this time around. In other words, there is no new substance or argument. Thus, the Smiths respectfully submit that Woosley's third "bite at the apple" is further evidence of his vexatious approach to litigation and of his inability to accept any adverse decision. As he has done in every other forum, with respect to the myriad of other decisions against him, the Smiths are resigned to the reality that when he loses his appeal at the Second Circuit, he will inevitably file a petition to the Supreme Court for a writ of certiorari.

Defendant's motive in filing the present motion can be derived from two simple truths. First, he attempts to argue anew the permanent injunction motion because he is either unable or unwilling to accept any decision by any court that is adverse to his perceived rights. Second, as he unashamedly pronounces in his motion papers:

> Mr. Woosley does reserve his right to collaterally impeach the Texas decrees purporting to terminate his parental rights and grant an adoption, based upon the theory that these decrees are void *ab initio*, due to want of jurisdiction by any Texas court. . . . Alternatively stated, Mr. Woosley does intend to litigate, in any appropriate state court, whether the Texas decrees should be accorded full faith and credit based upon precedent and the standards set forth in the Parental Kidnapping Prevention Act of 1980 . . . ."

(Defendant's Motion to Amend Permanent Injunction Order ¶¶ 10-11). Defendant's quoted pronouncements regarding his intentions evince an unassailable truth: despite the permanent injunction order issued by this Court, he intends to continue re-litigating in any available forum claims that have been already considered and rejected by multiple courts. Thus, it is clear that he is attempting to obtain an amended permanent injunction order that would provide him just

enough "wiggle room" to work around the injunction in some subsequent re-litigation of these very same claims.

Plaintiffs have every confidence that the Court would deny Woosley's present motion, even in the absence of an opposition memorandum. Nevertheless, for clarity's sake, the Smiths shall briefly summarize, again, the legal deficiencies in Woosley's motion. As Woosley's motion invokes Federal Rule of Civil Procedure 60(b)(4), it provides a starting point. Rule 60(b)(4) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C. 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Fed. R. Civ. P. 60(b)(4).

As summarized above, Woosley, albeit awkwardly, asserts as a basis for his motion to vacate that Pennsylvania judgment, upon which the Permanent Injunction Order is premised, is void because "[f]ederal courts are expressly prohibited from entering judgments involving the

issuance of child custody decrees." (Motion to Vacate ¶ 8). He asserted this very same argument in his opposition to the application for the permanent injunction, and again in his Motion to Amend the Permanent Injunction Order. He was wrong on both of those occasions, and he is wrong now.

Woosley's objections to the injunction have been litigated by this Court. As he previously did in his motion to dismiss and again in his motion to amend, he again claims that "[f]ederal courts are expressly prohibited from entering judgments involving the issuance of child custody decrees." (Motion to Vacate ¶ 5). Those arguments were also considered and summarily rejected. The fact that he is seeking to relitigate for a third time the permanent injunction order underscores the very need for the injunction, *i.e.* to effectuate the final judgment rendered in the Pennsylvania action.

In ruling on Plaintiffs' Application for Permanent Injunction, this Court considered all of the relevant facts and documentary evidence submitted by the parties, as well as the controlling and relevant case precedents cited in the parties' respective memoranda of law. In addition, the Court entertained oral argument on the motion in excess of one hour. Defendant's citation of the same, yet irrelevant case precedent, and his belated attempt to re-characterize his claims, actions and arguments in the Pennsylvania action does not carry his burden of proving that the Court overlooked factual matters or controlling decisions that were presented to it on the Plaintiffs' underlying Application for Permanent Injunction. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Defendant's motion papers make clear that he is willing to say or do anything to extricate himself from the restraint placed upon him by the permanent injunction order. Neither Defendant's dislike for the permanent injunction order nor his inability to comprehend

—7—

the concept of "actually litigated and actually decided" in the context of the relitigation exception constitute grounds for granting his "Motion to Amend Permanent Injunction Order." Accordingly, because Defendant seeks nothing more than a "third bite at the apple," his motion should be denied.

## CONCLUSION

For the forgoing reasons, Plaintiffs pray that Defendant's motion to vacate will be denied. The Plaintiffs also pray for an award of reasonable attorneys fees incurred in opposing the instant motion.

Dated: November 26, 2003
      Southport, CT

                                  The Plaintiffs,

                                  DAVID SMITH and KIMBERLY SMITH

                                By: _/s/ Patrick F. Lennon_____
                                    Patrick F. Lennon (CT – 19950)
                                    Brent Z. Skolnick (CT – 24076)
                                    TISDALE & LENNON, LLC
                                    10 Spruce Street
                                    Southport, CT 06490
                                    (203) 254-8474
                                    (203) 254-1641 fax
                                    plennon@tisdale-lennon.com
                                    bskolnick@tisdale-lennon.com

## CERTIFICATION OF SERVICE

    This is to certify that a copy of the foregoing has been sent via first class mail, postage prepaid and facsimile this 26th day of November, 2003, to the following litigant of record:

Paul David Woosley  
1 Rohr Drive  
Doylestown, PA 18901-4439

                                              Brent Z. Skolnick