IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

DAVID and KIMBERLY SMITH, h/w :

   Plaintiffs,   :  CIVIL ACTION 3:03 CV 0143 (AWT)

   v.   :

          :  JUDGE A.W. THOMPSON

PAUL DAVID WOOSLEY, :

          :  February 14, 2004

   Defendant.   :

FILED
2004 MAR -1 P 2: 13
U.S. DISTRICT COURT
HARTFORD, CT.

## DEFENDANT'S REPLY TO PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE PORTION OF PERMANENT INJUNCTION ORDER

ORAL ARGUMENT WAIVED/
TESTIMONY NOT REQUIRED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID and KIMBERLY SMITH, h/w : | |
| : | |
| Plaintiffs, : | CIVIL ACTION 3:03 CV 0143 (AWT) |
| v. : | |
| : | JUDGE A.W. THOMPSON |
| PAUL DAVID WOOSLEY, : | |
| : | February 14, 2004 |
| Defendant. : | |
| : | |

## DEFENDANT'S REPLY TO PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE PORTION OF PERMANENT INJUNCTION ORDER

Plaintiffs appear to misapprehend the function and purpose of a Rule 60(b)(4) motion. Specifically, such a motion supposes that a matter has already been litigated or even reconsidered. The sole question, intrinsic to any motion pursuant to Fed. R. Civ. P. 60(b)(4), is whether the district court has the authority to issue the judgment being challenged.

Accordingly, there is generally no time limit for bringing this type of motion. General doctrines of res judicata and collateral estoppel do not apply, and the fact that a matter is perceived to have already been decided carries no import.

At issue here is whether federal courts have jurisdiction to declare that a matrimonial decree (necessarily issued by a state court) cannot be challenged in a

2

subsequent state-court proceeding. The particular facts of this case, including any previous litigation, are not relevant insofar as this overarching question.

Plaintiffs claim to reply on *Hock v. Thipedeau*, 245 F.Supp.2d 451, 453 (D.Conn. 2003), but this case neither concerns Rule 60(b) motions nor the authority of federal courts to issue injunctions, much less injunctions regarding matrimonial proceedings in state courts. Plaintiffs baldly and simply assert that "Woosley is wrong", but nowhere in their eight-page memorandum are the substantive arguments actually addressed. Instead, Plaintiffs' counsel spews unprofessional *ad hominem* attacks that should not be welcomed by the Court.

Neither the Plaintiffs nor this Court have cited any authorities to countervail those presented by Defendant Woosley which indicate that the issuance and upholding of child custody decrees is strictly within the province of state courts. Moreover, no cases have been found supporting the proposition that federal courts have jurisdiction to enjoin litigation of state-court child custody proceedings, including the issuance and challenging of adoptions. No Pennsylvania actions, especially those referenced by Plaintiffs, have purported to prevent or enjoin Defendant Woosley from pursuing his custodial rights in state court.

In overview, for several years this case has highlighted the limitations of judicial power to interfere with fundamental rights of child custody. This case is also about the rule of law, and Plaintiffs' attempts to circumvent clear laws by manipulating jurists with a status-quo bias who have a liberal penchant for social engineering.

To borrow a metaphor from Plaintiffs' Memorandum, if the mere issuance of a judgment and a failure to have it amended were completely dispositive, there would be no such animal ("ugly pig" or otherwise) as Rule 60.

## CONCLUSION

For the foregoing reasons, Defendant Woosley respectfully requests that this Honorable Court implore Plaintiffs to address the argument and authorities presented in his Rule 60(b)(4) motion to vacate the portion of its Permanent Injunction Order enjoining him from litigating, in state court, the issue of whether an adoption decree should be set aside.

Respectfully submitted,

*Paul David Woosley*
Paul David Woosley, Defendant *pro se*
One Rohr Drive
Doylestown, PA  18901-4439
(215) 348-7113  215-348-2469 (Fax)
267-980-6405 (Mobile)

Dated: February 14, 2004

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing DEFENDANT'S REPLY TO PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE PORTION OF PERMANENT INJUNCTION ORDER was served upon Plaintiffs' counsel of record this 26TH day of February, 2004, by first-class Priority Mail, Delivery Confirmation No. 0302 2940 0000 3661 8130, as follows:

>Patrick F. Lennon, Esquire
>TISDALE & LENNON, LLC
>10 Spruce Street
>Southport, CT 06490
>
>By: *Karen Woosley*
>      Karen Woosley