# EXHIBIT 3

# APPELLATE COURT

# STATE OF CONNECTICUT

## NO. A.C. 26390

PAUL DAVID WOOSLEY

V.

DAVID AND KIMBERLY SMITH, H/W

JANUARY 2, 2006

---

## BRIEF OF THE PLAINTIFF-APPELLANT

---

PAUL DAVID WOOSLEY, APPELLANT
ONE ROHR DRIVE
DOYLESTOWN, PA 18901-4439
(215) 348-7113   215-348-2469 (FAX)

# **TABLE OF CONTENTS**

Statement of Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Statement of Proceedings and Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    1. Discretion to dismiss without Memorandum of Decision . . . . . . . . . . . . . . . .5

    2. Standing of proposed defendants before a suit has been filed. . . . . . . . . . . 5

    3. Applicability of a "best interests of the child" standard . . . . . . . . . . . . . . . .6

    4. Summary "best interest" determination . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

    5. *Sua sponte* dismissal when validity is challenged . . . . . . . . . . . . . . . . . . . . 6

    6. Applicability of the federal PKPA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

## APPELLANT'S STATEMENT OF THE ISSUES

1. Whether, if a plaintiff asserts with sufficient particularity in a habeas petition that he is the legal parent of a minor child who is being held by Connecticut residents who are not legal parents, a trial judge has discretion to dismiss the petition as "not meritorious" without further explanation.

2. Whether proposed defendants, who were not served in the trial court because the proposed action was never docketed or filed prior to a letter dismissal, have standing to receive notice and defend the appeal in this Court.

3. Whether, in consideration of a habeas corpus petition concerning custody of child, where the plaintiff contends he is a legal parent and the respondent is not a legal parent, a "best interest of the child" standard is of paramount importance in light of *Roth v. Weston*, 259 Conn. 202 (2002).

4. Whether, if the "best interest of the child" standard is found to be applicable and important, the trial judge can make a best-interest determination without gathering evidence and without a hearing.

5. Whether, when a plaintiff asserts that a judgment from another state court is void *ab initio*, the trial judge has discretion to summarily disregard that assertion, without explanation and without argument or hearing, when that void judgment is called into question.

6. Whether the federal PKPA, 28 U.S.C. §1738A, mandating which sister states' custody determinations deserve full faith and credit, applies to termination of parental rights and/or adoption proceedings in Connecticut.

2

## TABLE OF AUTHORITIES

*Pamela B. v. Ment*, 244 Conn. 296, 709 A.2d 1089 (1998) . . . . . . . . . . . . . . . . . . 6

*Roth v. Weston*, 259 Conn. 202, 789 A.2d 431 (2002) . . . . . . . . . . . . . . . . . . . 2, 6

28 U.S.C. § 1738A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7

## Statement of Proceedings and Facts

On February 14, 2005, the Appellant mailed to the trial court an original and one copy, with accompanying forms, of his Petition for a Writ of Habeas Corpus Concerning Custody of Child.

Although the petition may contain deficiencies, the petitioner asserts with sufficient particularity, in a sworn application of twenty-two (22) numbered paragraphs, that he is the father and legal parent of a minor child who is being held by Connecticut residents who are not legal parents.

On February 23, 2005, Honorable Brian Fischer, PJ, issued a letter decision stating that the court shall not issue the Writ because the petition is not meritorious. The case was not filed nor docketed and no parties were served in the trial court.

The appellant is not aware of any statement of decision filed in compliance with C.P.B. § 64-1(a).

This appeal immediately followed, and preliminary documents were received on March 21, 2005. These documents were returned on April 13, 2005 regarding certification of service. A question then arose about whether this matter constituted an appealable issue, which was evidently resolved, leading to this Court's order of July 12, 2005, ordering that preliminary documents be filed, and the latest version was received on or before October 6, 2005. The appellant's brief was originally due November 14, 2005, but extensions of time were granted until January 5, 2006.

4

## ARGUMENT

### 1. Discretion to dismiss without Memorandum of Decision

The primary issue is whether the judge below should have dismissed a sufficient habeas petition, without even allowing it to be filed, as "not meritorious" without further explanation. The Plaintiff urges that the trial court be directed to file the petition, or a revised petition with corrections as necessary, and thereby allow the matter to proceed.

One of the preliminary documents filed by appellant was a Notice That The Decision Has Not Been Filed. The appellant is not aware of any statement of decision filed in compliance with C.P.B. § 64-1(a). Accordingly, the appellant was awaiting clarification from the trial court, perhaps in the form of a Memorandum of Decision, in order to focus on the appropriate issues for this appellant's brief.

This is an unusual matter, and the Appellant has not uncovered any authorities to clarify whether the trial court judge has discretion to close the courthouse door by refusing to accept the petition for filing.

### 2. Standing of proposed defendants before a suit has been filed

A preliminary issue is whether any proposed defendants, who were not served in the trial court because the proposed action was never docketed or filed prior to a letter dismissal, have standing to receive notice and defend the appeal in this Court.

The measured language of C.P.B. § 62-7 indicates that papers filed shall contain a certification that a copy has been served on each other counsel of record. In this unusual case, there is no other counsel of record because there are no other parties of record. The respondents listed in the caption are merely proposed defendants; they are not actual defendants as there is no extant suit.

5

The Plaintiff is not aware of any pre-suit right to defend against an action before it is actually filed. Those being served with this brief, by direction of the appellate clerk, were counsel of record for a prior and entirely distinct suit that was never the subject of an appeal. Accordingly, at this juncture, the proposed defendants should not be troubled or permitted to oppose this particular appeal or have their appellee's brief considered. Once this matter is allowed to proceed in the court below, then any defendants can raise their particular defenses.

### 3. Applicability of a "best interests of the child" standard

The judge below presumably dismissed the petition because he felt that a possible interruption of the status quo would not be in the best interest of the child. For this type of action, however, there is no applicable doctrine of adverse possession or statute of limitation. In general, if the Plaintiff is the legal parent as he claims, then the judge is not permitted to substitute his idea of what's best for that of the parent. See, e.g., *Roth v. Weston*, 259 Conn. 202 (2002).

### 4. Summary "best interest" determination

Despite the argument above, if "best interest" is deemed to be of paramount importance, it seems reasonable that such a determination cannot be made without a hearing and without factual findings.

### 5. *Sua sponte* dismissal when validity is challenged

The proposed defendants apparently rely on a custody determination from another state that Plaintiff contends does not deserve full faith and credit. The judge below should not be permitted to dismiss this contention without explanation and without argument or hearing. "Constitutional violations implicating the courts must be susceptible of a judicial remedy. Otherwise, we insulate the judiciary from constitutional challenges and effectively ignore our constitutional obligations." *Pamela B. v. Ment*, 709 A.2d 1089, 1099 (Conn.1998). Multiple authorities indicate that void judgments are indeed void, hence they are not

6

subject to protection by the passage of time or by preclusion doctrines such as collateral estoppel or res judicata.

### 6. Applicability of the federal PKPA

Most states have determined that the federal Parental Kidnapping Prevention Act, 28 U.S.C. §1738A, mandating which sister states' custody determinations deserve full faith and credit, applies to termination of parental rights and/or adoption proceedings. No authorities have been found to indicate how the Connecticut courts interpret this question, the answer to which would prove useful.

## CONCLUSION

For the foregoing reasons, Plaintiff-Appellant prays that this Honorable Court will direct the trial court below to accept and file his Petition for a Writ of Habeas Corpus Concerning Custody of Child and thereby allow that matter to proceed as circumscribed by the determination of the issues presented.

Respectfully submitted,

*Paul David Woosley*
Paul David Woosley, Appellant
One Rohr Drive
Doylestown, PA 18901-4439
(215) 348-7113  215-348-2469 (Fax)
267-980-6405 (Mobile)

## CERTIFICATION PURSUANT TO C.P.B. § 67-2

I certify that the foregoing document complies with the provisions of C.P.B. § 67-2 in that the type size is either Arial or Univers, 12 point or larger.

By *Paul David Woosley*
Paul David Woosley, Appellant

7

## **CERTIFICATION OF SERVICE**

This is to certify that a true and correct copy of the foregoing Brief of Plaintiff-Appellant was mailed postage prepaid this 3rd day of January, 2006 to the trial judge who rendered a decision which is the subject matter of this appeal and to each counsel of record, as follows:

Honorable Brian T. Fischer, PJ
Judicial District of Fairfield
1061 Main Street
Bridgeport, CT 06604

Amendola & Amendola
1248 Post Road, 3rd Floor
Fairfield, CT 06824

Barbara J. Ruhe
415 Silas Deane Highway, 2nd Floor
Wethersfield, CT 06109

Tisdale & Lennon, LLC
10 Spruce Street
Southport, CT 06890

*Paul David Woosley*
Paul David Woosley, Appellant