# EXHIBIT 1

# APPELLATE COURT

# STATE OF CONNECTICUT

## NO. A.C. 26390

PAUL DAVID WOOSLEY

V.

DAVID AND KIMBERLY SMITH, H/W

MAY 2, 2006

## REPLY BRIEF OF THE PLAINTIFF-APPELLANT

PAUL DAVID WOOSLEY, APPELLANT
ONE ROHR DRIVE
DOYLESTOWN, PA 18901-4439
(215) 348-7113   215-348-2469 (FAX)

# TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

REPLY OVERVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# TABLE OF AUTHORITIES

*Ankenbrandt v. Richards,* 504 U.S. 689 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*City of Chicago v. International College of Surgeons,* 522 U.S. 156 (1997) . . . . . 5

*Thompson v. Thompson,* 484 U.S. 174 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. § 1738A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## **REPLY OVERVIEW**

On February 14, 2005, the Appellant mailed to the trial court an original and one copy, with accompanying forms, of his Petition for a Writ of Habeas Corpus Concerning Custody of Child.

On February 23, 2005, Honorable Brian Fischer, PJ, issued a letter decision stating that the court shall not issue the Writ because the petition is not meritorious. The case was not filed nor docketed and no parties were served in the trial court.

The appellant is not aware of any statement of decision filed in compliance with C.P.B. § 64-1(a).

The proposed defendants initially decided not to file a Brief of Defendants-Appellees in this matter, but at the urging of the case manager eventually filed their brief on April 17, 2006 and therein raise a counter-statement of issue on appeal without addressing the issues briefed by Plaintiff-Appellant Woosley.

The proposed Defendants-Appellees baldly assert that the Plaintiff-Appellant, by filing his petition below and this appeal, violated the terms of a Permanent Injunction Order rendered by a federal district court in Connecticut. In fact, the terms of that injunction are indeed specific and Woosley has not violated those terms, in neither letter nor in spirit, by his actions in Connecticut state courts.

2

Moreover, because the proposed Defendants-Appellees are not actual parties in this action, since no suit was actually filed against them below, they have no standing at this juncture to have their arguments heard or considered.

Furthermore, the issue of whether the suit should be dismissed because of a federal injunction should first be heard and ruled upon by the trier of fact below. There is no indication that the superior court was even aware of the federal injunction when it refused to file and docket the original petition.

Most importantly, federal courts are not superior to state courts, and federal courts have no expertise or authority to insist that state courts accord full faith and credit to a sister states' child custody determinations. Such matters are left to the states, and Plaintiff-Appellant Woosley's petition in this regard is properly before the Connecticut state courts; accordingly, the Connecticut courts are not obligated to wait for or to consider rulings from other state courts or from inferior federal courts.

## **ARGUMENT**

In his Brief of the Plaintiff-Appellant, Woosley has previously argued that the proposed defendants should not be granted standing at this juncture to have their brief or arguments considered.

Contrary to the pleadings and Exhibit 3 of the proposed Defendants, the United States Court of Appeals for the Second Circuit did not render it's decision, modifying the injunction to have it sweep less broadly, until March 4, 2005, which was the month *after* Appellant Woosley filed his petition in the court below.

Nonetheless, Appellant Woosley has not violated even the more strict terms of the original injunction. As the Defendants have illustrated, primarily with their Exhibit 1, that federal injunction enjoins Woosley from litigating the issues of whether his parental rights were terminated by a Texas decree in violation of his due process rights and whether a Texas adoption decree should be set aside.

Appellant Woosley, in his petition and further pleadings, does not mention anything about his due process rights being violated, nor does he intend to attempt to demonstrate that his due process rights were violated as this is not necessary for the court below to grant the requested writ.

As to the second portion of the injunction, Appellant Woosley is definitely not asking that the Texas adoption decree be set aside, as Connecticut courts possess no jurisdiction to perform that function.

The Defendants-Appellees appear to be confused about the injunction they originally asked for versus the specific injunction they actually received. They asked that Woosley not be permitted to challenge the validity of the Texas decrees, but for good reason, the federal district judge stated that such terms would be too broad. Consequently, the injunction does not prohibit a collateral attack based upon "validity", nor would such an injunction be tenable.

4

As it stands, federal courts are expressly prohibited from entering judgments involving the issuance of child custody decrees, and other matrimonial decrees, per the domestic relations exception as articulated in *Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992).

Quoting *Ankenbrandt,* in *City of Chicago v. International College of Surgeons,* 522 U.S. 156, 190 (1997), the Supreme Court "reaffirmed the absence of statutory jurisdiction for federal court adjudication of original civil actions for divorce, alimony, and child custody. *Id.,* at 703. The Court explained that its conclusion was also

> 'supported by sound policy considerations. . . . [S]tate courts are more eminently suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling [the] issues [involved].' *Id.,* at 703-704."

Accordingly, it is unprecedented for any federal court to enjoin litigants from challenging custody determinations in state courts, given that federal courts have no such judgments to protect.

A valid adoption decree would normally only be set aside for cause by the state court that issued it. An invalid decree, as with any void judgment, is already a legal nullity so there is no requirement to have it set aside.

*Thompson v. Thompson,* 484 U.S. 174 (1988), confirms that the federal PKPA, 28 U.S.C. § 1738A, is directed to the states, not federal courts, to decide whether sister states' custody/visitation decrees are to be accorded full faith and credit. Federal courts are not superior to state courts.

5

In particular, federal courts have no role in attempting to protect sham adoptions issued by rogue courts of other states. In other words, federal courts have no more authority than the Texas courts to insist that the validity of Texas decrees cannot be challenged.

Accordingly, the state courts of Connecticut are under no obligation to "wait" on the Texas courts or any inferior federal courts before ruling on the merits of a Petition for a Writ of Habeas Corpus Concerning Custody of Child.

## CONCLUSION

For the foregoing reasons, Plaintiff-Appellant prays that this Honorable Court will not be intimidated by the federal injunction and direct the trial court below to accept and file his Petition for a Writ of Habeas Corpus Concerning Custody of Child and thereby allow that matter to proceed as circumscribed by the determination of the issues presented.

Respectfully submitted,

*Paul David Woosley*
Paul David Woosley, Appellant
One Rohr Drive
Doylestown, PA 18901-4439
(215) 348-7113  215-348-2469 (Fax)
267-980-6405 (Mobile)

## CERTIFICATION PURSUANT TO C.P.B. § 67-2

I certify that the foregoing document complies with the provisions of C.P.B. § 67-2 in that the type size is either Arial or Univers, 12 point or larger.

By *Paul David Woosley*
Paul David Woosley, Appellant

## CERTIFICATION OF SERVICE

This is to certify that a true and correct copy of the foregoing Reply Brief of the Plaintiff-Appellant was mailed postage prepaid this 2nd day of May, 2006 to the trial judge who rendered a decision which is the subject matter of this appeal and to each counsel of record, as follows:

Honorable Brian T. Fischer, PJ
Judicial District of Fairfield
1061 Main Street
Bridgeport, CT 06604

Amendola & Amendola
1248 Post Road, 3rd Floor
Fairfield, CT 06824

Barbara J. Ruhe
415 Silas Deane Highway, 2nd Floor
Wethersfield, CT 06109

Tisdale & Lennon, LLC
10 Spruce Street
Southport, CT 06890

*Paul David Woosley*
Paul David Woosley, Appellant