UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID SMITH AND KIMBERLEY SMITH<br>    Plaintiffs | : | CIVIL ACTION NO. |
| | : | 3:03 CV0143 (AWT) |
| V. | | |
| PAUL DAVID WOOSLEY<br>    Defendant | : | JUNE 14, 2006 |

MEMORANDUM OF LAW IN
SUPPORT OF DEFENDANTS' OBJECTION TO
PLAINTIFFS' MOTION FOR A CIVIL CONTEMPT
ORDER AND APPOINTMENT OF A CRIMINAL PROSECUTOR

Preliminary Statement

There is no question that Paul David Woosley seeks to have a relationship with Kyle Smith, his biological son. The fact that he has pursued this relationship in a number of fora over the years is also unquestioned. What the Smiths view as vexatious litigation and harassment, Mr. Woosley views as availing himself of legal avenues to have that relationship. With that in mind, the Defendant maintains that he did not intend to violate and does not believe that he did violate this Court's injunction of February 28, 2003 (the "Injunction") neither prior to its amendment by the order of the Second Circuit nor subsequent to that amendment. Consequently, the Defendant respectfully objects to the Plaintiffs' Motion and asks that the Motion be denied.

Facts

This case was brought by the Plaintiffs in January of 2003, claiming, among other things, injunctive relief. The court granted the injunction, which said, among other things, that the Defendant is

"enjoined from litigating…the questions of whether his parental rights were terminated by the decree of the 225th District Court of Bexar County, Texas dated July 15, 1992 in violation of his due process rights and whether the adoption decree of the 225th District Court of Bexar County, Texas dated March 1, 1993, should be set aside."

The Defendant took an appeal of that decision to the Second Circuit. Shortly before the Second Circuit rendered its decision modifying the Injunction, the Defendant filed a Petition for a Writ of Habeas Corpus in the Connecticut Superior Court at Bridgeport. That court rejected the filing without ever docketing it and the Defendant appealed that rejection to the Connecticut Appellate Court. It is these two last acts of the Defendant which the Plaintiffs claim violates the Injunction. At the urging of this Court, the Defendant withdrew his appeal to the Connecticut Appellate Court on June 1, 2006.

## Discussion

Despite what may appear to be the case, the Defendant did not intend to violate the Court's Injunction in the first instance, let alone as the Injunction was modified by the Second Circuit. As noted above, the Defendant is attempting to use legal procedure, through the courts, to establish a relationship with his biological son, Kyle. While on several occasions it has been noted by the Court that Mr. Woosley is a skilled advocate, the fact remains that he is only passingly familiar with Connecticut statutes, caselaw and procedure.

### Filing of the Petition for a Writ of Habeas Corpus (the "Petition")

It is the Defendant's position that he did not intend to violate nor did he violate the Injunction because his argument in seeking the writ of Habeas Corpus was that the Connecticut Superior Court should not give full faith and credit to the Texas decision. His claim in the

Petition was not that the Texas decision should be set aside or that his due process rights were violated by the Texas decision. In fact, a review of 28 USC 1738A, in particular subsections (d) and (f) (full faith and credit given to child custody determinations), by the Defendant led him to the conclusion that Texas no longer had jurisdiction over the child custody or visitation determination it had made in 1992 and, instead, that Connecticut would likely have jurisdiction under the Connecticut Habeas Corpus statute, Connecticut General Statutes § 52-466, which action may be brought at any time. Johnson v. Commissioner of Correction 218 Conn 403, 4116, 589 A. 2d 1214 (1991).

It is for this reason that the Defendant believes that he did not violate the Injunction by filing the Petition.

<u>Filing of the Appeal With the Connecticut Appellate Court</u>

As with his Petition to the Superior Court, the Defendant did not believe that he was violating the Injunction, as modified by the Second Circuit, when he appealed to the Connecticut Appellate Court. As is the practice in Connecticut, the appeal was captioned "Woosley vs. Smith," although the appeal itself was focused on the rejection of the Defendant's Petition by the Fairfield Superior Court, not litigation against the Smiths. Hence, the Defendant did not return to the District Court to seek relief under the modified Injunction because he did not believe that he was running afoul of the Injunction in the first place. Defendant made no secret of this "theory of the case" in his "Brief of the Plaintiff Appellant to the Connecticut Appellate Court" which can be found at Tab 3 to the Declaration of Patrick F. Lennon dated February 7, 2006 and filed in support of the Plaintiffs' Motion.

<u>To the Extent that the Defendant Was in Violation of the Injunction, He is No Longer So</u>

As noted above, the Defendant's Petition for a writ of Habeas Corpus has been dismissed and he withdrew his appeal to the Connecticut Appellate Court on June 1, 2006. So as of that date, he was no longer in violation of the Injunction, to the extent that this Court determines that he was previously in violation. Civil contempt is designed to either enforce compliance with a court's order or to compensate for damages sustained by the Plaintiffs because of non-compliance. McComb v Jacksonville Paper Co 336 U.S. 187, 191, 69 S Ct 497 (1949). Mr. Lennon stated in his declaration of February 7, 2006 that his actions regarding the Defendant's habeas petition were limited in scope. Since Mr. Woosley is in compliance, the measure of any civil contempt sanctions would be the limited damages sustained by the Plaintiffs as a result of Mr. Woosley's non-compliance.

<u>Appointing a Prosecutor to Proceed Against the Defendant for Violation of the Injunction is Unwarranted</u>

Unlike civil contempt, criminal contempt must be proved beyond a reasonable doubt. There are four factors to be so proved, one of which is that the violation of the Injunction was willful. United States v Cutter 58 F. 3d 825, 834 (2nd Cir 1995). As noted above, to the extent that the Defendant violated the Injunction, as modified, he did so with the belief that he, in fact, was not violating that Injunction, hence, any violation was not willful and appointing a prosecutor under Federal Rule of Criminal Procedure 42 is unwarranted.

<u>Conclusion</u>

As set forth above, the Defendant did not intend to violate the Injunction and believes that he did not, and, as a result, asks that this Court deny the Plaintiffs' Motion.

                          The Defendant

By: _____
    Edward G. McAnaney
    McAnaney & McAnaney
    Suffield Village
    Suffield, CT 06078
    Tel: (860) 668-2000
    Federal Bar No: CT 01407

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed this 14th day of June, 2006 to the following:

Paul David Woosley
1 Rohr Drive
Doylestown, PA 18901

Patrick F. Lennon, Esq.
Tisdale & Lennon, LLC
10 Spruce Street
Southport, CT 06490

_____

Edward G. McAnaney