UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------X
DAVID SMITH and
KIMBERLY SMITH,                         :

       Plaintiffs,                     :    3:03-cv-00143 (AWT)

- against -                                      :

                                    **NOTICE OF FILING OF**
PAUL DAVID WOOSLEY,            :    **FIRST AMENDED COMPLAINT**

       Defendant.                        :
                                    June 26, 2006
------------------------------------------------X

Plaintiffs, DAVID SMITH and KIMBERLY SMITH, hereby provide notice of filing of their First Amended Complaint pursuant to leave granted by the Court in its Endorsement Order dated September 29, 2003.

                                                                     The Plaintiffs,

                                                                     DAVID SMITH and KIMBERLY SMITH

                                                                     By: _/s/ signature_
                                                                     Patrick F. Lennon (CT – 11950)
                                                                     Thomas L. Tisdale (CT – 06793)
                                                                     Charles E. Murphy (CT – 18784)
                                                                     Kevin J. Lennon (CT – 20411)
                                                                     TISDALE & LENNON, LLC
                                                                     10 Spruce Street
                                                                     Southport, CT 06490
                                                                     (203) 254-8474
                                                                     (203) 254-1641 fax
                                                                     plennon@tisdale-lennon.com
                                                                     ttisdale@tisdale-lennon.com
                                                                     cmurphy@tisdale-lennon.com

## CERTIFICATION OF SERVICE

This is to certify that on the 27th day of June, 2006, the undersigned served a copy of the foregoing pleading, via U.S. Mail, on the following:

Edward G. McAnaney, Esquire
McAnaney & McAnaney
Suffield Village
68 Bridge Street
Suffield, Connecticut  06078

_____
Kevin J. Lennon

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------X
DAVID SMITH and
KIMBERLY SMITH,                  :

       Plaintiffs,              :    3:03-cv-00143 (AWT)

- against -                      :

PAUL DAVID WOOSLEY,              :    **FIRST AMENDED COMPLAINT**

       Defendant.               :
                                       June 26, 2006
---------------------------------------------X

     Plaintiffs, DAVID SMITH and KIMBERLY SMITH, as and for their First Amended Complaint against the Defendant, Paul David Woosley, allege upon information and belief as follows:

     1.    This is an action within this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).

     2.    This civil action involves damages in excess of $75,000, exclusive of interest and costs.

     3.    At all times hereinafter mentioned, Plaintiffs were and are citizens and residents of the State of Connecticut, residing in the Town of Fairfield.

     4.    At all times hereinafter mentioned, the Defendant, PAUL DAVID WOOSLEY ("Woosley"), was and still is a resident of the State of Pennsylvania, residing at 1 Rohr Drive, Doylestown, Pennsylvania.

     5.    At all times hereinafter mentioned, Plaintiffs were and are the legal, adoptive parents of Kyle Edward Smith ("Kyle"), a minor.

6. At all times hereinafter mentioned, upon information and belief, the Defendant, Woosley, was and is the biological father of Kyle.

7. On or about July 8, 1992, Kyle was born to his biological birth mother.

8. On or about July 10, 1992, Woosley and the birth mother executed the necessary legal documents placing Kyle for adoption by Plaintiffs.

9. On or about July 15, 1992, a decree terminating the parent-child relationship between Kyle and his biological parents was entered by the 225th District Court of Bexar County, Texas.

10. On or about March 1, 1993, the 225th District Court of Bexar County, Texas entered a decree of adoption, making Plaintiffs Kyle's adoptive parents.

11. On or about July 6, 2000 Woosley drove from his home in Pennsylvania to Connecticut where he rented a car and drove to Fairfield, Connecticut.

12. While the Smiths were at work, and Kyle was at home with his brother and a babysitter, Woosley attempted to abduct Kyle by kidnapping him from in front of his home and forcing him into his rental car.

13. Kyle's brother helped him escape from the rental car, foiling Woosley's attempted abduction.

14. Neighbors then restrained Woosley until the police arrived and arrested him. Woosley was charged with the following offenses: kidnapping in the second degree; two counts of reckless endangerment in the second degree; stalking in the third degree and custodial interference in the first degree. The criminal court issued a protective order barring Defendant Woosley from any contact with Kyle or the Smiths during the pendency of the criminal action. Civil restraining orders were also issued to protect the Smiths collectively from Woosley.

2

15. In a plea agreement on the charges stemming from his attempted kidnapping of Kyle, on May 3, 2002, Woosley pled *nolo contendre* to, and was convicted of, the following charges: breach of peace in the second degree; two counts of reckless endangerment in the second degree; stalking in the third degree and custodial interference in the first degree.

16. As a condition of his plea agreement Woosley consented to the issuance of a Standing Criminal Restraining Order barring him from any contact whatsoever with Kyle.

17. As a condition of his probation Woosley agreed to have no contact whatsoever with the Smiths.

18. Two weeks prior to entering the aforementioned plea agreement stemming from his attempted kidnapping of Kyle, Woosley filed a baseless and defective "Motion for Visitation Pendente Lite" in the Connecticut State Superior Court at Bridgeport (hereinafter the "Connecticut Action").

19. In the Connecticut action, Woosley seeks an order granting him visitation with Kyle against the Smiths' wishes.

20. In the Connecticut action, Woosley has again challenged the validity of the decree issued in Texas terminating his parental rights in Texas, as well as the validity of the adoption decree making the Smiths the adoptive parents of Kyle. He again argues, as he has in the prior Texas state court litigation and the Pennsylvania federal court litigation, that both decrees are null and void and/or not entitled to full faith and credit.

**Plaintiffs' Claims**

    **First Cause of Action – Vexatious Litigation**

21. Paragraphs 1 - 20 are incorporated by reference in this First Cause of Action as if set forth fully herein at length.

22. Defendant Woosley filed and pursued the Connecticut action against the Smiths with knowledge that there was no probable cause to sustain the causes of action he alleged therein.

23. Woosley filed the Connecticut action with malice and intent to vex, annoy, harass and inflict financial and emotional injury to the Smiths.

24. Woosley's Connecticut action has now terminated unsuccessfully and in the Smiths' favor.

25. Woosley's filing of the Connecticut action is a violation of Connecticut General Statute section 52-568.

26. In defending Woosley's Connecticut action, Plaintiffs herein have incurred substantial damages in the form of legal fees, costs and other expenses.

**Second Cause of Action – Intentional Infliction of Emotional Distress**

27. Paragraphs 1 - 26 are incorporated by reference in this Second Cause of Action as if set forth fully herein at length.

28. By his actions in attempting to abduct and kidnap Kyle, Defendant Woosley knew or should have known that the Smiths would likely suffer emotional distress as a result.

29. Defendant Woosley's conduct in attempting to abduct Kyle from in front of his home was extreme and outrageous.

30. Defendant Woosley's conduct did, in fact, cause the Plaintiffs to suffer severe and continuing emotional distress.

4

**WHEREFORE**, Plaintiffs, DAVID SMITH and KIMBERLY SMITH, demand judgment against the Defendant as follows:

(a) Monetary damages;

(b) Double or treble damages for violation of C.G.S. § 52-568;

(c) Punitive damages;

(d) Costs, including reasonable attorney's fees incurred in this action;

(e) Such other, further or different relief as this Court deems just and proper.

The Plaintiffs,

DAVID SMITH and KIMBERLY SMITH

By: _____
Patrick F. Lennon (CT – 11950)
Thomas L. Tisdale (CT – 06793)
Charles E. Murphy (CT – 18784)
Kevin J. Lennon (CT – 20411)
TISDALE & LENNON, LLC
10 Spruce Street
Southport, CT 06490
(203) 254-8474
(203) 254-1641 fax
plennon@tisdale-lennon.com
ttisdale@tisdale-lennon.com
cmurphy@tisdale-lennon.com

5

## CERTIFICATION OF SERVICE

This is to certify that on the 27th day of June, 2006, the undersigned served a copy of the foregoing pleading, via U.S. Mail, on the following:

Edward G. McAnaney, Esquire
McAnaney & McAnaney
Suffield Village
68 Bridge Street
Suffield, Connecticut 06078

/s/ Kevin J. Lennon
Kevin J. Lennon